IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **AMY ROLIN,** } | |
| } | |
| **Plaintiff,** } | |
| } | **Case No.: 04-CV-3555-VEH** |
| v. } | |
| } | |
| **ROSIE'S RESTAURANTS, INC.,** } | |
| **d/b/a ROSIE'S MEXICAN** } | |
| **CANTINA** } | |
| } | |
| **Defendant.** } | |
| } | |
| } | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Strike the Affidavits of Amanda Corley, Phillip Small, Kevin Harper, and Matt Sikes ("Affiants"). (Doc. 14). The challenged affidavits were filed by the Defendant with its Evidentiary Submission in support of its Motion for Summary Judgment. (Doc. 9).

The Plaintiff asserts that all of the affidavits should be struck because the affidavits were never produced or supplemented pursuant to discovery requests. On April 20, 2005, the Defendant served its Rule 26 initial disclosures on Plaintiff

1

disclosing, among others, Tina Clifford, Kevin Harper, Amanda Corley, Matt Sikes, and Phillip Small as potential witnesses. On March 7, 2005, Plaintiff served requests for production of documents numbers twelve (12) and thirteen (13) specifically requesting all documents that the Defendant had in its control, custody, or possession regarding circumstances, allegations, or claims raised by Plaintiff in her complaint and which the Defendant claims, show, or tend to show, the reason(s) Plaintiff was not a victim of gender discrimination and retaliation. After Plaintiff's approval of Defendant's request for an extension of time, the Defendant responded to Plaintiff's request on May 26, 2005. The Affiants, who were identified as witnesses in the initial disclosures on April 20, 2005, executed the challenged affidavits on or about January 11, 2006. The Court finds that the affidavits did not violate any of Plaintiff's discovery requests because the Affiants were identified as potential witnesses in the Defendant's initial disclosures and were available to be deposed by the Defendant. In addition, the affidavits were provided to the Plaintiff when they became available.

The Plaintiff also asserts that the affidavits should be struck because they violate the Federal Rules of Evidence.

    A. **Federal Rule of Civil Procedure 56(e).** Rule 56(e) requires that:
       Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated

therein.

B. **Hearsay**. Hearsay contained within an affidavit is not admissible unless the representations are subject to an exception to the hearsay rule provided by either Rule 803 or 804. See Fed. R. Evid. 802, 803, and 804. The general rule is that inadmissible hearsay cannot defeat a motion for summary judgment where there is no indication that it is reducible to a form that would be admissible at trial. Wyant v. Burlington Northern Santa Fe Railroad, R.C., 210 F.Supp.2d 1263 (N.D. Ala. 2002) (quoting Pritchard v. Southern Co. Services, 92 F.ed 1130, 1135 amended in part on rehearing, 102 F.3d 1118 (11th Cir. 1996), cert. denied, 520 U.S. 1274, 117 S.Ct. 2453, 138 L.Ed.2d 211 (1997)). An affidavit submitted in connection with a motion for summary judgment may contain hearsay statements that would be admissible at trial under exceptions to the hearsay rule. H. Sand & Co. v. Airtemp Corp., 934 F.2d 450, 454-55 (2nd Cir. 1991). Further, "verbal or nonverbal conduct, when it is offered as a basis for inferring something other than the matter asserted," is excluded from the hearsay rule. Weaver v. Tech Data Corp., 66 F.Supp.2d 1258, 1264-65 (M.D. Fla. 1999) (citing United States v. Cruz, 805 F.2d 1464, 1477 (11th Cir. 1986).

C. **Affidavits**. Even if an affidavit contains testimony that would be inadmissible at trial, the Court "need not strike the entire affidavit; rather it may strike or disregard the improper portions and consider the remainder of the affidavit."

Givhan v. Electronic Eng'rs, Inc., 4 F.Supp.2d 1331, 1334 n.2 (M.D.Ala. 1998).

(1) **Affidavit of Amanda Corley**

The Plaintiff moves to strike the affidavit of Amanda Corley on the grounds that it is based on hearsay and not Corley's personal knowledge. Corley recounts in her affidavit statements that were allegedly made by customers regarding the Plaintiff. The Court specifically finds that the statement "She's told us all about the things you guys do," would be properly struck as hearsay. The Court also finds that the statement "Tina and Dan told me that they were going to talk to Amy... not only because of my complaint, but also because an incident like this was grounds for termination if she had engaged in a sexually inappropriate conversation with Rosie's customers," would be properly struck as hearsay.

The Court finds that the remaining portions of Corley's affidavit would be improperly struck as hearsay because the Defendant is not offering the remaining statements to prove the truth of the matters asserted. The Defendant relies on the statements in question to establish that the statements were made, to demonstrate the effect that the alleged hearsay statements had on her as the listener, and to show that the exchange took place. In addition, statements in Corley's affidavits besides the ones discussed above that would constitute hearsay fall within an exception to the hearsay rule under either Rule 803 or 804. Accordingly, the Plaintiff's' motion to

strike the affidavit of Corley is **GRANTED** in part and **DENIED** in part.

(2) <u>**Affidavit of Phillip Small**</u>

The Plaintiff moves to strike the affidavit of Phillip Small on the grounds that it is based on hearsay and not Small's personal knowledge.  Plaintiff asserts that the statements in the affidavit are blatant hearsay and she denies knowing Small and ever being disciplined for misconduct directed at Small. Upon review of the affidavit, the Court determines that the statements "Dan told me that he would have a talk with Amy and after that, the harassment did in fact stop," would be properly struck as hearsay because the statement does not fall within an exception to the hearsay rule. Small's affidavit would be improperly struck as not based on personal knowledge. Small has personal knowledge as to the events asserted in his affidavit including his educational background, employment history, and the incident that occurred between him and the Plaintiff.  The Court further finds that the remaining statements in Small's affidavit pertaining to what the Plaintiff said to him would be improperly struck as hearsay because the statements are subject to the Federal Rules of Evidence Rule 801(d)(2), admission by party-opponent, exception to the hearsay rule. Accordingly, the Plaintiff's motion to strike the affidavit of Small is **Denied** in part and **Granted** in part.

(3) **<u>Affidavit of Kevin Harper</u>**

The Plaintiff moves to strike the affidavit of Kevin Harper on the grounds that it is irrelevant, immaterial, and contains inadmissible hearsay. Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Rule 402 provides that all relevant evidence is admissible, except as otherwise provided by federal law or rule, and evidence which is not relevant is not admissible. Fed.R.Evid. 402. The third paragraph on the first page commencing with the sentence "On approximately November 25, 2003, which was the Tuesday before Thanksgiving, I was working the same shift as Barnie Perez,"and "That night I got into an argument with Perez" would be improperly struck as irrelevant. In addition, the sentence "In the heat of the moment, I used language that was inappropriate and told Perez that he needed to "run some fucking food," meaning that "he also needed to carry his fair share of the food from the kitchen to the tables," would be improperly struck as irrelevant. However, the Court finds that the remaining statements only on the second page of Harper's affidavit providing background information leading up to the incident between Harper and Perez would be properly struck as irrelevant.

The Court finds that Harper's affidavit is relevant to the claims and defenses

raised in the present action such as the altercation that occurred between the Affiant and Barnie Perez. Further, Harper's remaining statements in his affidavit pertaining to the incident between him and Perez would be improperly struck as hearsay because the Defendant is not offering the statements to prove the truth of the matters asserted. For instance, the statement "when I said that to Perez, he responded by telling me that I needed to 'run my own fucking food nigger,' and he also referred to me as a 'porch monkey,'" is not being offered to prove the truth of the matter asserted, but to demonstrate that the statement was made and the exchange took place. The remaining statements that would constitute hearsay upon first glance such as "Amy told me that if I did not report it she was going to make a complaint," would be improperly struck as hearsay because the statements are subject to the Federal Rules of Evidence Rule 801(d)(2), admission by party-opponent, exception to the hearsay rule. The statement "Sikes told me that Perez' conduct was unacceptable and that it would be reported to the general manager," would be properly struck as inadmissible hearsay. The statements "She was offended and angered by Perez' remarks," and "Amy reported to an assistant manager, Matt Sikes, that Perez had made racially inappropriate remarks to me," would be properly struck as not based on personal knowledge. Accordingly, the Plaintiff's motion to strike the affidavit of Harper is **Denied** in part and **Granted** in part**.**

(4) **Affidavit of Matt Sikes**

The Plaintiff moves to strike the affidavit of Matt Sikes on the grounds that it is irrelevant, immaterial, and contains inadmissible hearsay. Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Rule 402 provides that all relevant evidence is admissible, except as otherwise provided by federal law or rule, and evidence which is not relevant is not admissible. Fed.R.Evid. 402. Sikes is a fact witness who recounts Plaintiff's reporting of the incident between Harper and Perez to him and the action he took in response to the report. The Court finds that Sike's affidavit is relevant to the claims and defenses raised in the present action and is based on his personal knowledge.

The Plaintiff asserts that the statement "Amy and Kathy then told me that 'this is not right' and that I needed to do something about it" is not inadmissible hearsay because the statements are not being offered to prove the truth of the matters asserted, but to demonstrate that the statements were made and the exchange took place. The remaining paragraphs of Sike's affidavit is not inadmissible hearsay. Accordingly the Plaintiff's motion to strike the affidavit of Sikes is **Denied**.

**DONE** and **ORDERED** this 5th day of July, 2006.

                                                */s/ Virginia Emerson Hopkins*
                                                **VIRGINIA EMERSON HOPKINS**
                                                **United States District Judge**